UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON ANDRE BRYANT, CDCR #BV-8320,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>WARDEN GUZMAN, CHIEF DEPUTY WARDEN ESQUIEL, CAPTAIN HOPPER and PLANT OPERATOR BEATTY,<br><br>　　　　　　　　　　Defendants. | Case No.: 25-cv-0724-AJB (KSC)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS,** and<br><br>**(2) DISMISSING COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

Plaintiff Shannon Andre Bryant, a state prisoner proceeding *pro se*, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, along with a Motion to proceed in forma pauperis ("IFP"). (ECF Nos. 1-2.) Plaintiff alleges that while playing basketball at Centinela State Prison in Imperial, California, he stepped on a crack and sprained his ankle due to the Defendants' negligent maintenance of the basketball court. (*See id*. at 3.)

**I.　Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets. *See* 28 U.S.C. § 1915(b)(1)&(4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). Prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(1)&(2); *Bruce*, 577 U.S. at 84.

Plaintiff's prison certificate shows he had an average monthly balance of $258.46 and average monthly deposits of $257.43 for the six months preceding the filing of this action, and an available balance of $73.12. (ECF No. 4 at 4.) The Court **GRANTS** Plaintiff's motion to proceed IFP and assesses an initial partial filing fee of $51.69. Plaintiff remains obligated to pay the $298.31 balance of the filing fee required by 28 U.S.C. § 1914 pursuant to the installment payment provisions of 28 U.S.C. § 1915(b)(1).

**II.    Screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

  **A.    Standard of Review**

Because Plaintiff is a prisoner proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See*

*Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of § 1915A is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding." *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (internal quote marks omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

**B.     Allegations in the Complaint**

Plaintiff claims the Defendants, Warden Guzman, Chief Deputy Warden Esquiel, Captain Hopper and Plant Operator Beatty, are responsible for maintaining the recreational

1  area at Centinela and negligently maintained the basketball court.  (ECF No. 1 at 3.)  He
2  alleges that on May 22, 2024, he stepped on a "massive crack" while playing basketball
3  and sprained his ankle.  (*Id.*)  He brings a claim for negligence against all Defendants.  (*Id.*)

4     **C.**    **Analysis**

5  Plaintiff cannot state a federal constitutional claim arising solely on negligence.  *See*
6  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (holding that the constitutional standard for
7  failure to protect a prisoner from unsafe conditions "describes a state of mind more
8  blameworthy than negligence" and "more than ordinary lack of due care for the prisoner's
9  interests or safety."); *see also e.g. Levy v. Department of Corrections of Washington*, 2013
10 WL 1855854, at *2 (W.D. Wash. May 1, 2013) (finding no constitutional violation from
11 trip and fall in sprinkler hole on recreation yard); *Coleman v. Sweetin*, 745 F.3d 756, 764
12 & n.7 (5th Cir. 2014) (collecting cases and noting "prisoner slip-and-fall claims almost
13 never serve as a predicate for constitutional violations.")  Rather, a failure of prison
14 officials to protect an inmate from a dangerous prison condition rises to the level of a
15 constitutional violation when two requirements are met: (1) the alleged failure to maintain
16 safe conditions is, objectively, sufficiently serious; and (2) the prison official is,
17 subjectively, deliberately indifferent to inmate health or safety.  *Farmer*, 511 U.S. at 834.
18 A prison official is deliberately indifferent if he knows of and disregards an *excessive* risk
19 to inmate health or safety by failing to take reasonable steps to abate it.  *Id*. at 837.

20 Plaintiff's allegations of negligence are insufficient to state a federal constitutional
21 violation as necessary to state a 42 U.S.C. § 1983 claim.  *Id*. at 835; *Devereaux*, 263 F.3d
22 at 1074 (section 1983 "creates a private right of action against individuals who, acting
23 under color of state law, violate *federal* constitutional or statutory rights.")  If Plaintiff
24 wishes to proceed with 42 U.S.C. § 1983 claim based on his ankle sprain, he must set forth
25 facts which plausibly allege a Defendant was aware of facts from which they could draw
26 an inference that the condition of the basketball court posed a substantial risk of serious
27 injury to Plaintiff *and* actually drew such an inference, as opposed to simply alleging it was
28 negligently maintained.  *Farmer*, 511 U.S. at 835.  Plaintiff must also set forth facts

showing he suffered a sufficiently serious injury as the result of a prison official's deliberate indifference to a substantial risk of serious physical harm. *Id*. at 834-38; *see also Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002) (a physical injury "must be more than *de minimis*.")

To the extent Plaintiff seeks to bring a negligence claim under California law, the Court may "decline to exercise supplemental jurisdiction" over any supplemental state law claim if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c); *Sanford v. Member Works, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.") Because no federal claim has been stated in the Complaint, the Court declines to exercise supplemental jurisdiction over any state law negligence claim at this time.

### D. Leave to Amend

In light of Plaintiff's pro se status, the Court grants leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quote marks omitted).

### III. Conclusion and Orders

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP. (ECF No. 2.)

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $51.69 initial partial filing fee and collect the $298.31 balance of the $350 filing fee by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California 94283-0001.

4. **DISMISSES** all claims against all Defendants in the Complaint without prejudice and with leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

5. **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file a First Amended Complaint which cures the deficiencies of pleading noted in this Order with respect to any or all other Defendants. Plaintiff's First Amended Complaint must be complete by itself without reference to his original Complaint. Defendants not named and any claims not re-alleged in the First Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.") If Plaintiff fails to amend, the Court will dismiss this action for failure to state a claim and failure to prosecute. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED.**

Dated: April 10, 2025

Hon. Anthony J. Battaglia
United States District Judge