UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON ANDRE BRYANT, CDCR #BV-8320,<br><br>         Plaintiff,<br><br>vs.<br><br>WARDEN GUZMAN, CHIEF DEPUTY WARDEN ESQUIEL, CAPTAIN HOPPER and PLANT OPERATOR BEATTY,<br><br>         Defendants. | Case No.: 25-cv-0724-AJB (KSC)<br><br>**ORDER:**<br><br>**(1) DENYING SECOND MOTION TO PROCEED IFP AS MOOT; and**<br><br>**(2) DISMISSING ACTION FOR FAILURE TO STATE A CLAIM AND FAILURE TO PROSECUTE** |

  On March 26, 2025, Plaintiff Shannon Andre Bryant, a state prisoner proceeding *pro se*, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, along with a Motion to proceed in forma pauperis ("IFP"). (ECF Nos. 1-2.) Plaintiff alleged that while playing basketball at Centinela State Prison in Imperial, California, he stepped on a crack and sprained his ankle due to the Defendants' negligent maintenance of the basketball court. (*See* ECF No. 1 at 3.)

  On April 10, 2025, the Court granted Plaintiff leave to proceed IFP and screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b), which require *sua sponte*

1

dismissal of a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. (ECF No. 7.) The Court found the Complaint failed to state a claim because Plaintiff's claim relied solely on negligence. (ECF No. 5 at 4-5 citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (holding that the constitutional standard for failure to protect a prisoner from unsafe conditions "describes a state of mind more blameworthy than negligence" and "more than ordinary lack of due care for the prisoner's interests or safety.")) Plaintiff was instructed that if he wished to proceed with a 42 U.S.C. § 1983 claim based on his ankle sprain, he must set forth facts which plausibly allege a Defendant was aware of facts from which they could draw an inference that the condition of the basketball court posed a substantial risk of serious injury to Plaintiff *and* actually drew such an inference, as opposed to simply alleging the basketball court was negligently maintained, and set forth facts showing he suffered a sufficiently serious injury as the result of a prison official's deliberate indifference to a substantial risk of serious physical harm. (*Id*.) To the extent Plaintiff sought to bring a negligence claim under state law, the Court declined to exercise supplemental jurisdiction. (*Id*. at 5.)

Although it appeared unlikely Plaintiff would be able to amend his Complaint to state a claim, because he is proceeding pro se, the Court granted an opportunity to amend on or before May 26, 2025. (*Id*. at 6.) Plaintiff was also informed that if he failed to file an amended complaint within the time provided the Court would enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and failure to prosecute in compliance with a court order requiring amendment. (*Id*., citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")) On or about the same day the Court issued that Order, Plaintiff filed a second motion to proceed IFP, which is moot since he is already proceeding IFP. (ECF No. 6.)

1    As of the date of this Order Plaintiff has not filed an amended complaint, nor has he contacted the Court.  Accordingly, the Court **DENIES** as moot Plaintiff's second motion to proceed IFP (ECF No. 6) and **DISMISSES** this action without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and for failure to prosecute.  The Clerk of Court shall enter final judgment accordingly and close the file.

**IT IS SO ORDERED.**

Dated:  July 10, 2025

Hon. Anthony J. Battaglia
United States District Judge